

United States District Court
Southern District of New York

---

Michael Ruiz,
        Plaintiff,

   - Against -

Link, P. - Correctional officer at Green Haven correctional facility;
Reyes, J. - Correctional officer at Green Haven correctional facility;
Patrick Squire - Correctional officer at Green Haven correctional facility;
Michael Blot - Correctional Sergeant at Green Haven correctional facility;
Deborah MacDonald - Registered Nurse at Green Haven correctional facility;
John Doe #1 - Correctional officer at Green Haven correctional facility;
John Doe #2 - Correctional officer at Green Haven correctional facility;
John Doe #3 - Correctional officer at Green Haven correctional facility,

        Defendants.

---

Amended Civil Rights Complaint under 42 U.S.C. §1983

Jury Trial Demanded

Index No. 20-CV-0235 (CS)

## Jurisdiction And Venue

This court has jurisdiction pursuant to the Civil Rights Act 1871: 42 U.S.C. §1983, 28 U.S.C. §1331, 1343(a)(3); Venue is vested to this court pursuant to 28 U.S.C. §1391(a)(i)(2) and (b)(2); for plaintiff' Rights [Eighth Amendment]: protected by the United States Constitution, being violated.

## Exhaustion of Administrative Remedies

1. Pursuant to the Prison Litigation Reform Act (P.L.R.A.), 42 U.S.C. §1997e(a), Michael Ruiz (plaintiff) exhausted his administrative remedies concerning each claim raised herein, as it is set forth inside the complaint.

2. On April 9th, 2019 plaintiff filed a "Inmate Grievance complaint" (Grievance No. 60861-19) concerning each claim raised herein, as it is set forth inside the complaint.

3. On July 26th, 2019 plaintiff' grievance was denied by superintendent Michael Capra, and Q. Quick - I.G.P. supervisor, as it is written on a document printed out by Sing Sing Correctional facility.

4. Plaintiff did not recieve grievance response untill October 9th, 2019 at Elmira Correctional facility.

5. Plaintiff responded by appealing such decision to C.O.R.C on October 10th, 2019

## Parties

6. Michael Ruiz (Herein-after plaintiff) at all times relevant to the complaint, was in custody of New York State Department of Corrections and community supervision (D.O.C.C.S.), incarcerated at Green Haven Correctional facility (Green Haven), transferred to Sing Sing Correctional facility.

7. Link, P. (Link) at all times relevant to the complaint, was a correctional officer at Green Haven, employeed by D.O.C.C.S.

8. Reyes, J. (Reyes) at all times relevant to the complaint, was a correctional officer at Green Haven, employeed by D.O.C.C.S.

9. Patrick Squire (Squire) at all times relevant to the complaint, was a correctional officer at Green Haven, employeed by D.O.C.C.S.

10. Michael Blot (Blot) at all times relevant to the complaint, was a correctional Sergeant at Green Haven, employeed by D.O.C.C.S.

11. Deborah MacDonald (MacDonald) at all times relevant to the complaint, was a registered nurse at Green Haven, employeed and/or contracted by D.O.C.C.S. or Department of health-proffessions, obliged to uphold authorities of New York statutes, Dept. of health principles and guidelines.

12. John Doe #1 (Doe #1) at all times relevant to the complaint, was a correctional officer who worked the 3:00pm - 11:00pm shift on G & H yard, corridor, and/or Block at Green Haven on April 6th, 2019, employeed by D.O.C.C.S..

13. John Doe #2 (Doe #2) at all times relevant to the complaint, was a correctional officer who worked the 3:00pm - 11:00pm shift on G & H yard, corridor, and/or Block at Green Haven on April 6th, 2019, employeed by D.O.C.C.S..

14. John Doe #3 (Doe #3) at all times relevant to the complaint, was a correctional officer who worked the 3:00pm - 11:00pm shift on G & H yard, corridor, and/or Block at Green Haven on April 6th, 2019, employeed by D.O.C.C.S.

15. During all times mentioned in the complaint, the defendants were acting under the color of laws of the United States Constitution, New York State Constitution, laws, statutes, Rules, customs, collective bargaining agreement, and in thier proffessional judgement, as well as thier official capacities. Defendants are all being sued in thier individual capacities.

## FActs

16. On April 6th, 2019 plaintiff was housed in G-Block; 3 company; 7 cell, at Green Haven, when Keeplock recreation was in Process at approximately 3:00pm

17. Plaintiff entered G-Block recreation (yard) and began to excercise.

18. Plaintiff observed approximately twenty inmates in the yard.

19. At approximately 3:15pm plaintiff witnessed an altercation break out between an inmate and a correctional officer (c.o.) The c.o. attacked the inmate by striking the inmate on the right side of his face.

20. Plaintiff observed the inmate on the ground being kicked, punched, and striked by three c.o' with batons. Several more c.o' joined in and began to attack the inmate as well. Plaintiff feared for the inmates life as inmate appeared to be unconscious.

21. Plaintiff began to yell at the c.o' striking the "inmate" stop hitting him, he is not resisting, stop your going to kill him!" Plaintiff witnessed c.o' continue thier attack. Plaintiff then became aware that several c.o' were rapidly approaching him.

22. As plaintiff started to plead, "Im sorry for yelling, dont hit me.", to no-avail. Squire sprayed plaintiff with multiple bursts of o.c-pepper spray to his face and eyes.

23. Plaintiff grabbed his face due to the excruciating pain and burning sensation, screaming "ahh please stop!". Squire picked plaintiff off the ground and slammed him on the concrete ground in a rapid succession

24. Reyes joined Squire by grabbing plaintiff' left leg dragging him on the ground. Reyes then kicked plaintiff in his ribs area.

25. Link arrived and joined Squire and Reyes, forcing plaintiff' mouth open and forced the canister containing O.C. pepper spray inside of plaintiff' mouth and deployed multiple bursts of the chemical agent in his mouth.

26. Link then grabbed plaintiff' right ankle and twisted it in a snapping motion. Link then stomped down on plaintiff' right ankle.

27. Squire then unholstered his baton and delivered several strikes to plaintiff' ribs, upperback, back right shoulder, and legs.

28. Reyes then punched plaintiff in his left eye. Reyes kicked plaintiff one time in the middle area of his forehead. Plaintiff was semi-conscious at this time.

29. Link then applied mechanical restraints (hand-cuffs) to plaintiff.

30. Plaintiff was lifted off the floor and rushed inside of Green Haven and out of the yard, by Squire and Link; holding plaintiff up by each arm.

31. Once inside of Green Haven corridor, Blot ordered Squire and Link to "Get that fucking scumbag on the ground!"

32. Squire and Link forced plaintiff to the ground. Blot then stomped plaintiff' buttock's several times.

33. Doe #1 arrived and joined Blot, kicking plaintiff in his right side.

34. Doe #2 rapidly approached stating "this the little fucker, watch out" and punched the plaintiff in his nose and in his jaw.

35. Doe #3 stepped in and punched plaintiff in his stomach several times. Plaintiff pleaded for [defendants] to "stop, please, I cant take it no more."

36. Plaintiff was then struck multiple times with blows to the ribs, back, and stomach. Plaintiff was punched in the head and went unconscious.

37. Plaintiff regained consciousness at unknown time in infirmary room floor.

### Medical Deprivations

38. MacDonald, a registered nurse, entered the infirmary room where plaintiff was located on the floor in handcuffs. MacDonald questioned the plaintiff by stating "you must of fucked up bad, what did you do?" Plaintiff informed MacDonald that he was attacked by correctional officers and did nothing wrong.

39. Plaintiff then pleaded to MacDonald to recieve his Albuteral (asthma pump) because he was having serious complications breathing. MacDonald refused to provide such medically proscribed medication, stating "you dont need that, you'll be just fine." Plaintiff expressed to MacDonald that he indeed was not fine and needed medical treatment and that he suffers chronic asthma, to no-avail.

40. MacDonald observed and was aware of plaintiff injuries but did not treat, care, or give attention to such injuries. As plaintiff requested MacDonald for pain medication to eease the pain, he was Denied. Plaintiff requested for decontamination of the chemical agents (o.c pepper spray) deployed to plaintiff face, eyes, and mouth, MacDonald refused to do such, stating "Im not doing it, ask them." pointing at C.o' [Defendants]. Plaintiff asked Link to assist him in recieving medical care by ordering MacDonald to decontaminate him, to no-avail.

41. MacDonald did not disinfect plaintiff' lacerations, provide asthma pump, provide pain medications, or decontaminate plaintiff. MacDonald intentionally deprived plaintiff of such medical care and fabricated plaintiff' injury report and minimized the actual extent of injuries.

42. MacDonald did not properly examine plaintiff, did not schedule him to be seen by his health care provider/Doctor, did not order for a production of X-Rays to be completed for body parts injured. MacDonald did not take vitals of plaintiff, run any blood tests, or any tests for that matter. MacDonald refused to attend to plaintiff' injuries.

43. Blot ordered Link and Reyes to strip plaintiff of his clothes "down to his boxers", for pictures. Blot threatned plaintiff stating "stop complaining or ima give you something to complain about." A C.O. came in and took pictures of plaintiff as he did his best to stand in such an injured state. Pictures were completed.

44. Blot ordered Squire, Link, and Reyes to get plaintiff dressed and to "fix him up a bit so he doesn't even think about talking." As Blot left the infirmary room, Squire slammed plaintiff against the wall. Link kicked plaintiff in his right lower leg towards plaintiff' already injured ankle, intentionally injuring it more. Reyes began to punch plaintiff in his ribs, multiple times.

45. Blot re-entered the room in a rush, ordering Squire, Link, and Reyes to "relax the superintendent is on his way down here." All force ceased at this time.

46. Plaintiff was ordered to put on all his clothing, which plaintiff complied as best as he could. Link and Squire applied handcuffs, leg iron-shackles, waist chain, and locks on plaintiff and ordered plaintiff to "face the wall and don't move.".

47. Plaintiff was forced to stand and face the wall from the time all force ceased to approximately 11:45 pm without medical treatment, without decontamination of O.C pepperspray, without being provided the entitled meal (dinner), and without being able to use the toilet

48. At 11:50pm plaintiff was re-stripped of his clothes, thouroughly searched, and handcuffed with, waist chain, leg iron-shackles, and locks, by C.O' from another D.O.C.C.S. facility: Sing Sing Correctional facility. Plaintiff was put in a van and transfered to a Special Housing Unit (SHU) in Sing Sing correctional facility; arriving at approximately 1:00 am.

49. On April 8th, 2019 at approximately 10:00 am Sing Sing Correctional / Medical staff observed plaintiff condition and rushed him to Mount Vernon Hospital / Medical center.

### Pain and Suffering

50. All defendants were conscious and acting in a suffiently culpable state of mind when forcing plaintiff to endure such torture. All said defendants intentionally caused such suffering conditions to plaintiff.

51. Plaintiff suffered a fractured right elbow - bruised, swollen, laceration, and permanent scar; spranged right ankle - swollen, bruised, continuous pain upon motion of movement; injured right ribs - extreme pain upon breathing deeply, sneezing, coughing, or talking too loud; injured left ribs - extreme pain upon breathing deeply, sneezing, coughing, or talking too loud; injured left eye - bruised, swollen, consistant blury visions at times; a laceration (small) to the middle forehead - bump, swollen, bruised, sharp headaches; injured right leg - swollen, bruising; injured left knee - abrasion, scoring, bruised; lower back pain; upper right shoulder pain - abrasion, bruised;

Injured Nose - bruised, swollen; pain in lower left jaw; and pain (extreme) upon any movement. As well as Chronic Asthma being triggered for a week consecutively due to lack of decontamination in a timely fashion.

### Mental and Emotional Anguish and Distress

52. Due to MacDonalds and defendants refusal to provide plaintiff Medical care, as well as all said defendants that attacked plaintiff, caused him to experience fear, terror, helplessness, excruciating pain, extreme paranoia, anxiety, depression, and thoughts of suicide.

53. Plaintiff was in extreme fear that defendants will return to continue thier attack, that he attempted to commit suicide on four different ocasions from June-2019 – August 1st, 2019 at Sing Sing Correctional facility. Plaintiff was close to death on each ocasion and was rushed to Westchester Medical center, Via: Ambulence, to be treated.

54. Plaintiff continued to suffer Mental and Emotional trauma for fabricated inmate Misbehavior report being filed against plaintiff. Defendants provided false information and forcified documents at plaintiff disciplinary tier III proceeding, resulting in plaintiff recieving a sanction/penalty imposed of two hundred - Ninety - Nine (299) days in SHU.

### Witnesses

55. Witnesses to these events are as follows:

Espada, Joseph (Espada) 17A4788; Jewel 16B1233; Pugh, Patrick (Pugh) 12A5664; Dodson 14B0182; and all inmates who were present, located in G & H yard at Green Haven between 3:00pm - [Approximately] - 3:45pm.

### Causes of Action

### First Cause

Defendants; Unk, Reyes, Squire, Blot, Doe #1, Doe #2, and Doe #3 physical, excessive, and unnecessary force used to maliciously and sadistically harm plaintiff; to cause chronic pain; endure such torture; for the very purpose of causing harm; while acting in a sufficiently culpable state of mind; without provocation, constituted the act of cruel and unusual punishment; in violation of the Eighth Amendment of the United States Constitution.

### Second Cause

Defendant MacDonald deprived plaintiff of medical care and treatment. MacDonald filed inadequate, fabricated injury reports, [medical Records], and was deliberately indifferent to plaintiff serious medical needs; inflicting continuous pain throughout a prolonged period of time; intentionally acting to punish plaintiff, constituted cruel and unusual punishment; in violation of the Eighth Amendment of the United States Constitution

## Third Cause

Defendant MacDonald' failure to afford plaintiff asthma pump, pain medications, proper cleaning of lacerations, decontamination of chemical agents deployed on plaintiff, and the failure, even after plaintiff' plea for medical care/treatment, to properly examine, diagnose, or treat plaintiff of his injuries constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

## Requested Relief

Plaintiff' Eighth Amendment; protected by the United states Constitution, was violated by all said defendants here in and therefore is entitled relief. Plaintiff asks the United States District Court of the Southern District of New York, respectfully, to grant plaintiff the following:

a) Issue a declaratory judgement stating:

1) The defendants actions, ommissions, policies, and practices, as stated, violated laws outlined in the Causes of Action, and deprived plaintiff of his rights by harming him in his person.

b) Issue injuctive relief ordering the defendants;

1) Refrain from further retaliation against plaintiff or any inmates that provide plaintiff affidavits or testimony on his behalf in this matter.

C) Award compensatory and punitive monetary damages, to be paid by the defendants, to plaintiff; jointly and/or severally; for serving the goals of punishing the defendants for thier conduct, deterring others from engaging in similiar behavior, and for injuries caused to plaintiff - physical damages, pain and suffering, mental and emotional anguish, and violating plaintiff' rights; in the following amount:

        1. Compensatory Damages: $1,000,000.00
        2. Punitive Damages: $1,500,000.00

d) Appointment of counsel to represent the plaintiff in this action and/or order defendants to pay the reasonable attorney fees.

e) Grant such and further relief as this court deems just and proper.

I, Michael Ruiz, declare under the penalty punishable by perjury, pursuant to 28 U.S.C §1746, that I have read and certify to the best of my knowledge, information, and belief that this complaint is facts and I personally know that they are true. I further affirm under the penalty of perjury that I have not filed any state or federal actions with the above causes of actions.

STATE OF NEW YORK ) ss:
COUNTY OF CHEMUNG )

Sworn to before me this 15TH day of September 2020

_____
Notary Public

Truly x _Michael Ruiz_
        Michael Ruiz

Dated: September 15th, 2020

[Notary stamp: ELIJAH NICHOLS, ID#01NI6405359, NOTARY PUBLIC, STATE OF NEW YORK, Qualified in Chemung County, Commission expires on March 09, 2024]

AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF CHEMUNG        )

I, __Michael Ruiz__, being duly sworn, deposes and says that:

1. I am a party to this action, 18 years or older, and an inmate at Elmira Correctional Facility, P.O. Box 500, Elmira, New York.

2. On the 20th day of __September__, 20__20__, I served the folling described paper(s): __Amended Civil Rights Complaint §1983__ by mailing the paper(s) to the person at the address designated by him or her for that purpose by depositing the same in a first class, postpaid, properly addressed wrapper, in an official depository under the excusive care and custody of the above-mentioned facility for the United States Postal Office within the State of New York. The name of the person or names of the persons served and the address or addresses at which service was made are as follows:

clerk of court
pro-se office
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 230
New York, New York 10007

Jennifer Gashi
Assistant Attorney General
44 South Broadway
White Plains, NY 10601

Pro-Se Intake Unit
500 Pearl Street, Room 200
New York, NY 10007

Dated: September 20th, 2020
Chemung County, New York

Respectfully submitted,

Micheal Ruiz

Sworn to Before me this 20TH day of SEPTEMBER, 2020.

Elijah Nichols
NOTARY PUBLIC

ELIJAH NICHOLS I.D.#01NI6405359
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chemung County
Commission expires on March 09, 20__

Michael Ruiz #15B0450
Elmira Correctional Facility
P.O Box 500
Elmira, New York 14902

To: J. Michael McMahon (clerk of court)
    Pro-se office
    United States District Court
    Southern District of New York
    Daniel Patrick Moynihan United States Courthouse
    500 Pearl Street, Room 230
    New York, New York 10007

Dear Mr. McMahon,

    Enclosed is a Amended complaint under 42 U.S.C §1983; Index No. 20-CV-0235 (CS). Will you please file and process this document accordingly and acknowledge reciept of said Amended complaint at your earliest convienance. The statute of limitation on this matter expires within 14 days. Thank you.

<u>Affidavit of service</u>

I, Michael Ruiz #15B0450, hereby swears under the penalty of perjury that on September 20th, 2020 I served the Amended complaint upon the court clerk, by placing it in a properly sealed envelope delivered into the hands of a sworn in correctional officer at Elmira correctional facility at the above address, to be mailed, via: U.S postal service.

Respectfully subm.
x _Michael Ruiz_

09/23/2020
US POSTAGE $001.80
ZIP 14901
041L11251115

CORRECTIONAL FACILITY

P.O. BOX 500
ELMIRA, NEW YORK 14902-0500

500

To: Michael McMahon (clerk of court)
pro-se office
United states District court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 pearl Street, Room 230
New York, New York 10007

RECEIVED
SEP 25 2020
PRO SE OFFICE

legal Mail