UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL RUIZ,

                Plaintiff,

             -against-

P. LINK, CORRECTIONAL OFFICER AT GREEN
HAVEN CORRECTIONAL FACILITY; J. REYES,
CORRECTIONAL OFFICER AT GREEN HAVEN
CORRECTIONAL FACILITY; PATRICK SQUIRE,
CORRECTIONAL OFFICER AT GREEN HAVEN
CORRECTIONAL FACILITY; MICHAEL BLOT,
CORRECTIONAL SERGEANT AT GREEN HAVEN
CORRECTIONAL FACILITY; DEBORAH
MACDONALD, REGISTERED NURSE AT GREEN
HAVEN CORRECTIONAL FACILITY; JOHN DOE
#1, CORRECTIONAL OFFICER AT GREEN
HAVEN CORRECTIONAL FACILITY; JOHN DOE
#2, CORRECTIONAL OFFICER AT GREEN
HAVEN CORRECTIONAL FACILITY; JOHN DOE
#3, CORRECTIONAL OFFICER AT GREEN
HAVEN CORRECTIONAL FACILITY,

                Defendants.

No. 20-CV-0235 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated in Elmira Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that while he was incarcerated in Green Haven Correctional Facility, Defendants violated his constitutional rights. By order dated February 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] (Doc. 7.) On February 14, the Court ordered service on Defendants Link, Reyes, Squire, and MacDonald and, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

1997), ordered the New York State Attorney General ("NYAG") to ascertain the identity of the four John Doe correction officers described in Plaintiff's Complaint.  (Doc. 9.)  Since then, the NYAG has been able to identify John Doe #4 as Sergeant Michael Blot.  (Doc. 23.)  After a conference held on August 28, (Minute Entry dated Aug. 28, 2020), Plaintiff amended his Complaint, naming Blot as a defendant, (Doc. 30).

## DISCUSSION

**A.        Service on Sergeant Blot**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the amended complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Blot through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Michael Blot and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: October 19, 2020
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

## DEFENDANT AND SERVICE ADDRESS

Sgt. Michael Blot
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582