UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL RUIZ,

                                                    Plaintiff,

                                                                        **OPINION & ORDER**

            - against -
                                                                         No. 20-CV-235 (CS)

P. LINK, J. REYES, PATRICK SQUIRE,
MICHAEL BLOT, DEBORAH MACDONALD,
and JOHN DOES #1-3,

                                                    Defendants.
------------------------------------------------------------x

<u>Appearances</u>:

Michael Ruiz
Comstock, New York
*Pro Se Plaintiff*

Kathryn Martin
Assistant Attorney General
Office of the Attorney General of the State of New York
White Plains, New York
*Counsel for Defendants*

<u>Seibel, J.</u>

        Before the Court is Defendants' motion for summary judgment.  (ECF No. 66.)  For the

reasons set forth below, Defendants' motion is GRANTED.

**I.      BACKGROUND**

        The following facts are based on Defendants' Local Civil Rule 56.1 Statement, (ECF No.

68 ("D's 56.1 Stmt.")), and supporting materials, and are undisputed unless otherwise noted.[1]

---

[1] Plaintiff did not file a responsive Rule 56.1 Statement or any papers in opposition to this
motion.  Local Civil Rule 56.1 requires that the party opposing a motion for summary judgment
submit a counterstatement responding to the moving party's statement of material facts,
indicating which facts are admitted and which the opposing party contends are in dispute and

A.    **Facts**

Plaintiff Michael Ruiz is incarcerated in the custody of the New York State Department

of Corrections and Community Supervision ("DOCCS").  (D's 56.1 Stmt. ¶ 1.)  Plaintiff's claims

arose while he was held at Green Haven Correctional Facility.  (*Id.* ¶ 2.)  Plaintiff brings this

lawsuit in connection with an altercation in the prison yard on April 6, 2019 and the medical

treatment he received thereafter.  (*Id.* ¶¶ 3-4.)  He alleges excessive force claims against

Defendants Link, Reyes, Squire and Blot, and a claim of deliberate indifference to medical needs

against Defendant MacDonald.[2]

The altercation and medical treatment at issue occurred on April 6, 2019.  (Ds' 56.1 Stmt.

¶¶ 3-4.)  That same day, Plaintiff was transferred from Green Haven to Sing Sing Correctional

---

require a trial.  L.R. 56.1(b).  Under the Local Rule, "[i]f the opposing party . . . fails to
controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed
admitted."  *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) (citing L.R. 56.1(c)).  *Pro
se* litigants are not excused from this requirement.  *SEC v. Tecumseh Holdings Corp.*, 765
F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011).  As Defendants served Plaintiff with the requisite
notice pursuant to Local Civil Rule 56.2, (*see* ECF No. 72), I have discretion to consider any
properly supported facts in Defendants' Local Civil Rule 56.1 Statement admitted.  (The Court
will send Plaintiff copies of any unpublished decisions cited in this Opinion and Order.)  But
granting Plaintiff solicitude, I have considered his deposition testimony, (ECF No. 71-2 ("P's
Depo.")), statements in his complaint and amended complaint, both of which are sworn under
penalty of perjury pursuant to 28 U.S.C. § 1746, (ECF Nos. 2, 30), and his letter in response to
Defendants' pre-motion letter, (ECF No. 65).  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73
(2d Cir. 2001) ("[W]hile a court is not required to consider what the parties fail to point out in
their Local Rule 56.1 statements, it may in its discretion opt to conduct an assiduous review of
the record even where one of the parties has failed to file such a statement.") (cleaned up).

[2] Defendants move for summary judgment on all of Plaintiff's claims on the ground that
he failed to exhaust his administrative remedies, and in the alternative for summary judgment
only on Plaintiff's deliberate medical indifference claim.  (*See* ECF No. 67 at 1.)  Because I
resolve the motion on the basis of failure to exhaust administrative remedies, I do not describe
the specific allegations further.

Facility.  (*Id.* ¶ 22.)  While at Sing Sing, Plaintiff filed a grievance, dated April 9, 2019,[3] alleging

that on April 6, 2019, correction officers used excessive force against him, and medical staff

failed to properly treat him.  (D's 56.1 Stmt. ¶ 24; *see* ECF No. 71-6.)  The grievance was denied

by the Sing Sing Superintendent on July 26, 2019.  (D's 56.1 Stmt. ¶ 25; ECF No. 71-7.)

Plaintiff testified at his deposition that he did not receive a copy of the Superintendent's denial

until October 9, 2019, when he received a memo from Sing Sing's Inmate Grievance Program

("IGP") Supervisor, dated August 30, 2019.  (P's Depo. at 79:22-80:13; *see* ECF No. 65-6.)  The

letter informed Plaintiff that his grievance had been answered on July 26, 2019 and forwarded to

Plaintiff at that time; the Supervisor included with the memo a copy of the Superintendent's July

26 denial.  (*Id.*)  The bottom portion of the Superintendent's denial letter is a form the inmate can

fill out if he wishes to appeal; it states, "[R]eturn this copy to your Inmate Grievance Clerk."

(ECF No. 71-7.)[4]  By the time Plaintiff received the letter and the copy of the Superintendent's

denial on October 9, Plaintiff had been transferred out of Sing Sing and was being held in the

Special Housing Unit ("SHU") at Elmira Correctional Facility.  (Ds' 56.1 Stmt. ¶ 26; P's Depo.

at 78:8-19, 78:25-79:21.)[5]

---

[3] Defendants state in their Rule 56.1 statement that Plaintiff's grievance is dated April 22, 2019, but that is the date on which the grievance was stamped as received by the facility.  (*See* ECF No. 71-6.)

[4] The form is captioned "Appeal Statement," and below the caption it reads:  "If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk.  You have seven (7) calendar days from your receipt of this notice to file your appeal.*  Please state why you are appealing this decision to C.O.R.C."  The asterisk leads to a statement about how to request an exception to the time limit.  Below the language quoted above are several lines for the inmate to explain why he is appealing, and then signature lines for the inmate and the Grievance Clerk.

[5] Plaintiff notes that it is possible he had not previously received the Superintendent's denial because much of the time he was at Sing Sing he was housed in the Office of Mental

DOCCS records reflect that the Central Office Review Committee ("CORC") never received any appeal of the Superintendent's denial of Plaintiff's grievance.  (D's 56.1 Stmt. ¶ 28.)  Further, DOCCS records reflect that CORC did not receive any correspondence from Plaintiff at all during 2019 or 2020.  (*Id.* ¶ 29; *see* ECF No. 70 ("Seguin Decl.") ¶ 13.)  Plaintiff asserted in his deposition that he filled out the appeal form on October 10, 2019 and "forwarded it to CORC . . . [b]y mail."  (P's Depo. at 80:24-81:4; *see id.* at 82:20-83:7.)  Plaintiff did not specify the address to which he mailed the appeal, but stated that he requested and received the address from the law library.  (*Id.* at 82:3-19.)  Plaintiff did not receive an acknowledgement of receipt or answer from CORC.  (*Id.* at 81:5-7.)  After several months, he filed this lawsuit.  (*Id.* at 81:8-13.)

### B.    **Procedural History**

Plaintiff filed his original complaint on January 8, 2020, bringing claims under 42 U.S.C. § 1983 against eight Green Haven employees in their individual capacities for violations of the Eighth Amendment.  (ECF No. 2.)  The case was reassigned to me on February 14, 2020.  At a pre-motion conference on August 28, 2020 in anticipation of a potential motion to dismiss, I granted Plaintiff leave to amend his Complaint.  (*See* Minute Entry dated Aug. 28, 2020.)  The Amended Complaint was filed on September 25, 2020.  (ECF No. 30.)  Defendants answered on April 8, 2021.  (ECF No. 44.)

On May 11, 2021, I held a status conference and set a discovery schedule, (ECF No. 51), which was extended twice, (ECF Nos. 57, 60).  At the close of discovery, Defendants filed a pre-

---

Health ("OMH") unit after several suicide attempts between June and September of 2019.  (P's Depo. at 78:5-19.)

motion letter in anticipation of their motion for summary judgment.  (ECF No. 64.)[6]  I held a

pre-motion conference on November 16, 2021 and set a briefing schedule for Defendants'

motion.  (*See* Minute Entry dated Nov. 16, 2021.)  On December 29, 2021, Defendants filed their

motion papers.  (ECF Nos. 66-71.)  Plaintiff's opposition was initially due on January 27, 2022.

Approximately one to two weeks before the due date Plaintiff left two phone messages with my

chambers, requesting an extension of the briefing schedule and permission to file a motion to

obtain counsel.  (*See* ECF No. 74.)  On January 19, 2022, I entered an Order extending Plaintiff's

time to respond to the motion to February 28, 2022, and advising him of his right to file a motion

asking the Court to seek volunteer counsel.  (*Id.*)  On March 18, 2022, I received a letter from

Plaintiff (dated March 14, 2022), indicating that his opposition was ready, and he just wanted

permission to file it late; I granted an extension to April 6, 2022, and noted there would be no

further extensions.  (ECF No. 76.)  On April 28, 2022, after no opposition was received, I

deemed the motion fully submitted.  (ECF No. 78.)

## II.   <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit

under the governing law . . . .  Factual disputes that are irrelevant or unnecessary will not be

---

[6] Plaintiff responded by letter dated November 8, 2021, but that letter was not received
and docketed until November 24, 2021.  (*See* ECF No. 65.)

counted." *Id.* On a motion for summary judgment, "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of

material fact," and, if satisfied, the burden then shifts to the non-movant to "present evidence

sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d

Cir. 2008). "The mere existence of a scintilla of evidence in support of the [non-movant's]

position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than

simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory

allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423,

428 (2d Cir. 2001) (cleaned up).

"A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by . . . citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations . . .

admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Where a

declaration is used to support or oppose the motion, it "must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the . . . declarant is competent to

testify on the matters stated." *Id.* 56(c)(4); *see Major League Baseball Props., Inc. v. Salvino,*

*Inc.*, 542 F.3d 290, 310 (2d Cir. 2008). In the event that "a party fails . . . to properly address

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion" or "grant summary judgment if the motion and

supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).

*Pro se* litigants must be afforded "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), "particularly where motions for summary judgment are concerned," *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014).  Where, as here, the non-moving party fails to respond to the movant's summary judgment motion, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (cleaned up).  "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented."  *Id.* (cleaned up) (emphasis omitted).

## III.   DISCUSSION

### A.   Exhaustion Under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA mandates that a plaintiff use "all steps that the agency holds out, and do[] so properly" – that is, in accordance with the applicable agency rules.  *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (cleaned up).  Exhaustion of available administrative remedies "must be complete prior to commencement of

suit" and "[t]he fact that a grievance is filed, or the process is completed, subsequent to commencement of suit will not salvage an otherwise premature filing." *Chalif v. Spitzer*, No. 05-CV-1355, 2008 WL 1848650, at *13 (N.D.N.Y. Apr. 23, 2008) (cleaned up).

For inmates in New York State prison, administrative exhaustion requires compliance with DOCCS' three-tiered IGP, in which (1) the inmate must file a grievance with the Inmate Grievance Resolution Committee ("IGRC") within twenty-one days of the alleged occurrence, (2) the inmate must then appeal an adverse decision by the IGRC to the superintendent of the facility within seven days after receipt of the IGRC's response, and (3) the inmate must then appeal an adverse decision by the superintendent to the CORC within seven days after receipt of the superintendent's response. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2022); *McGee v. McGready*, No. 16-CV-4187, 2018 WL 2045094, at *2 (S.D.N.Y. Apr. 30, 2018).

"[W]hen a grievance concerns staff harassment, DOCCS procedures provide for an expedited review that allows for the complaint to bypass IGRC review and proceed before the Superintendent in the first instance." *Jackson v. Jackson*, No. 16-CV-8516, 2021 WL 981849, at *4 (S.D.N.Y. Mar. 16, 2021); *see* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8. Under the expedited procedure, the Superintendent has twenty-five days to respond to the grievance. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8(f). If the Superintendent fails to respond within twenty-five days, the inmate may appeal directly to CORC. *Id.* § 701.8(g). If the Superintendent does respond, the inmate has seven days from receipt of the response to appeal to CORC. *Id.* § 701.8(h). The IGP Supervisor has discretion to grant exceptions to the time limits for filing or appealing grievances. *See id.* § 701.6(g). Whether or not the Superintendent timely responds, the procedure to appeal a determination of the Superintendent to CORC is to file "a notice of

decision to appeal (form #2133) with the inmate grievance clerk." *Id.* § 701.8(g)-(h).[7]  Inmates

who have been transferred to a different facility can get their appeal to the appropriate grievance

clerk by "mail[ing] the signed appeal form back to the IGP supervisor at the facility where the

grievance was originally filed." *Id.* § 701.6(h)(2).

CORC is required to provide, through IGP staff, written confirmation that an appeal has

been received, and if the inmate does not receive such confirmation within forty-five days, he

"should contact the IGP supervisor in writing to confirm that the appeal was filed and

transmitted to CORC." *Id.* § 701.5(d)(3)(i).  The IGP requires CORC to respond to an appeal

within thirty days of receipt.  *Id.* § 701.5(d)(3)(ii).  If CORC has received an appeal and fails to

rule within those thirty days, the inmate is considered to have exhausted his administrative

remedies and may file suit.  *Hayes v. Dahlke*, 976 F.3d 259, 270 (2d Cir. 2020).

### B.   **Plaintiff's Failure to Exhaust**

Defendants have met their burden to demonstrate that Plaintiff failed to follow IGP

procedures with regard to his CORC appeal and that CORC never received Plaintiff's appeal.

Accordingly, Plaintiff failed to "properly" exhaust administrative remedies prior to filing suit.

*See Amador*, 655 F.3d at 96.

Plaintiff testified that once he received the Superintendent's adverse decision on October

9, 2021, he filled out the appeal statement and "forwarded it to CORC . . . [b]y mail." (P's Depo.

at 80:24-81:4.)  He never received confirmation that his appeal was received or any response

from CORC, and after a few months he filed this lawsuit.  (*Id.* at 81:8-13.)

---

[7] The procedure to appeal to CORC under the normal, non-expedited procedures is the
same. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(1)(i).

The IGP required Plaintiff to forward the appeal to the Inmate Grievance Clerk.  N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8(g)-(h).  The form at the bottom of the Superintendent's letter also notified Plaintiff that the appeal to CORC had to be transmitted via the Inmate Grievance Clerk.  (*See* ECF No. 71-7.)  The IGP specifically provides that Plaintiff, having been transferred to a different facility from that in which he originally filed his grievance, should get his appeal to the proper Inmate Grievance Clerk by "mail[ing] the signed appeal form back to the IGP supervisor at the facility where the grievance was originally filed."  *Id.* § 701.6(h)(2).  Nothing in the record indicates that Plaintiff followed this procedure; rather, it appears he tried to mail his appeal directly to CORC, and CORC never received the document.  (*See* Seguin Decl. ¶¶ 12-13 (CORC never received appeal of Plaintiff's grievance, nor did it receive any other correspondence from Plaintiff during 2019 or 2020); ECF No. 71-8 (CORC records showing no receipt of appeal)).

Accordingly, Plaintiff failed to properly follow the grievance procedure and has failed to exhaust his administrative remedies.  *See Valverde v. Folks*, No. 19-CV-8080, 2022 WL 836310, at *6 (S.D.N.Y. Mar. 21, 2022) ("Plaintiff did not properly comply with [the] prison grievance procedural rules.  Plaintiff . . . mailed his appeal statement directly to CORC.  However, to appeal a decision denying a grievance, an inmate must submit the appeal, not directly to CORC, but to the grievance supervisor of the facility where the grievance was originally filed for forwarding to that facility's grievance clerk."); *Wilkinson v. Banks*, No. 2-CV-361, 2007 WL 2693636, at *6 (W.D.N.Y. Sep. 10, 2007) ("[N]o dispute exists that [the *pro se* plaintiff] did not follow correct procedure in attempting to appeal that grievance to CORC.  He did not file his appeal with the Inmate Grievance Clerk as required by the regulations, but rather mailed it directly to CORC.") (cleaned up).

C.     **Availability of Administrative Remedies**

Although the Supreme Court has deemed exhaustion mandatory, there are circumstances under which administrative remedies may be deemed "unavailable" to an inmate, such that an inmate is not required to exhaust. *Ross v. Blake*, 578 U.S. 632, 642 (2016). The Supreme Court identified three circumstances where administrative remedies may be unavailable. *See id.* at 643-44. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Third, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. "If the defendant has met its burden of establishing the existence and applicability of the grievance policy, the *plaintiff* bears the burden of establishing *de facto* unavailability." *Saeli v. Chautauqua County*, 36 F.4th 445, 453 (2d Cir. 2022) (emphasis in original).

Plaintiff has submitted no opposition to the instant motion and has not argued that administrative procedures were unavailable to him. *See Dowling v. Barkman*, No. 17-CV-647, 2019 WL 7971868, at *5 (N.D.N.Y. Dec. 20, 2019) ("Given Plaintiff's failure to oppose the Motion, no basis appears on the record for concluding that DOCCS' grievance procedure was unavailable to him."), *report and recommendation adopted sub nom. Dowling v. Schleicher*, 2020 WL 103480 (N.D.N.Y. Jan. 8, 2020). Even if that were not the case, the record does not reflect that any of the above-listed circumstances apply.

11

First, nothing in the record suggests that Plaintiff did not receive a response from CORC because the grievance process was operating as a "dead end" – rather, it appears that CORC never received Plaintiff's appeal because of Plaintiff's failure to send the appeal to the appropriate official.  (*See* P's Depo. at 80:24-81:4; Seguin Decl. ¶¶ 12-13; ECF No. 71-8.) Similarly, the record is bereft of evidence that the IGP is unavailable to inmates generally.  *See White v. Veile*, 709 F. App'x 35, 38 (2d Cir. 2017) (summary order) (affirming summary judgment for failure to exhaust administrative remedies where plaintiff did not "present[] any evidence about the outcomes in the grievance system in general" or "show[] that prison officials are consistently unwilling to grant relief").

Second, as set out above, the relevant procedures are not opaque.  The IGP clearly sets out the process for appealing a grievance to CORC through the Inmate Grievance Clerk – including the instructions under § 701.6(h)(2) for an inmate who has been transferred from one facility to another to send an appeal to the appropriate facility's IGP Supervisor.  Plaintiff testified that he is familiar with the grievance process, (*see* P's Depo. at 18:3-19:6), and the Superintendent's denial stated that the appeal to CORC had to go through the Inmate Grievance Clerk, (*see* ECF No. 71-7).

Third, while there is some evidence in the record that Plaintiff sought information from the "law library officer" while he was in the SHU at Elmira and appears to have been given a mailing address for CORC,[8] this fact alone is insufficient to establish that a prison official

---

[8] Plaintiff testified as his deposition as follows:

[Q.]  So how do you know where to send the grievance appeal? . . .
A.  You can actually get the address from the law library that they provide in the facility.  They have all the information of addresses, names, stuff like that.
Q.  And is that what you did? You went to the law library?
A.  Yes, ma'am.  I was in the special housing unit at the time, so the law library

thwarted his ability to successfully appeal to CORC. Plaintiff has not suggested that he asked how to appeal and was told to mail his appeal to CORC, or that he asked the law library officer for anything other than the address of CORC. There is simply no evidence of machination, intimidation or misrepresentation.

That the breakdown of the grievance procedure here was due to Plaintiff's failure to follow it, rather than to its unavailability, is highlighted by the fact that when Plaintiff did not receive confirmation that CORC was in possession of his appeal within the forty-five days envisioned by the regulations, instead of following the IGP and writing to Sing Sing's IGP Supervisor – an official with whom he had recently communicated, (*see* P's Depo. at 79:22-80:13, 81:14-21) – to confirm that the appeal was filed, *see* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(i), he simply waited a few months and then filed this lawsuit. (P's Depo. at 79:25-80:8, 81:5-13).[9]

In short, "[g]iven the lack of evidence that Plaintiff's appeal to CORC was ever filed, or ever followed up on, it is not that the full scope of administrative remedies was not available to Plaintiff – rather, Plaintiff failed to fully exhaust the administrative remedies available to him." *Houston v. Coveny*, No. 14-CV-6609, 2020 WL 2494439, at *3 (W.D.N.Y. May 14, 2020); *see Litchmore v. Williams*, No. 11-CV-7546, 2013 WL 3975956, at *6 (S.D.N.Y. Aug. 5, 2013) (no

---

officer will actually come to you and take your request and then return the request by the next day.

(P's Depo. at 82:6-19.)

[9] Plaintiff's response to the question whether he ever followed up with CORC – that he "tried checking [the appeal], but it had already been months they hadn't responded, so I proceeded with my civil Complaint," (P's Depo. at 81:8-13) – not only contains no information about what he did to check, but suggests at most that he asked about the status of his appeal at or about the same time that he filed this lawsuit.

"sufficient basis in the record to find that administrative remedies were unavailable" where, among other things, there was "no evidence here that the plaintiff's appeal was actually mailed, intercepted, or ignored" and "DOCCS has no record of any appeal filed with CORC").[10]

## IV.   __CONCLUSION__

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 83), enter judgment for Defendants, and close the case.

**SO ORDERED.**

Dated: July 29, 2022
       White Plains, New York

_____

---

[10] Having so found, I need not and do not address the merits of Plaintiff's medical indifference claim.

14